MEMORANDUM *
Defendant-creditor First Security Bank (“FSB”) appeals the bankruptcy appellate panel’s (“BAP”) decision affirming summary judgment for the plaintiff trustee, voiding a preferential pre-petition transfer from debtor Telsave Corporation (“Tel-save”) to FSB. 28 U.S.C. § 158(d). We affirm.
We review de novo the bankruptcy court’s rulings on appeal from the BAP. Ganis Credit Corp. v. Karl T. Anderson (In re Jan Weilert RV, Inc.) 315 F.3d 1192, 1196 (9th Cir.2003). Findings of fact are reviewed for clear error. Id. at 1196. Bankruptcy court conclusions of law and summary judgment orders are reviewed de novo. Paulman v. Gateway Venture Partners III, LP (In re Filtercorp, Inc.), 163 F.3d 570, 578 (9th Cir.1998).
FSB’s three arguments fail to save the preferential transfer from being voided by the bankruptcy estate. FSB’s unjust enrichment argument fails because in neither appeal did it discuss the elements of an unjust enrichment claim, cite any legal authority in support of its assertion that the bankruptcy estate will be unjustly enriched, or make any arguments going beyond bald conclusions.
FSB’s ordinary course of business defense (11 U.S.C. § 547(c)(2)) argument fails because the final payment at issue was unusual in amount, there was no consistent date on which payments were made, and the debtor had only been making payments for a short period of time. Additionally, FSB did not even present evidence as to whether the debt was incurred in the ordinary course of business in accordance with prevailing business standards. In re Jan Weilert RV, Inc., 315 F.3d at 1197.
Finally, FSB’s new value defense (11 U.S.C. § 547(c)(4)) argument fails because the text of the statute requires that the transfer of new value must be from such creditor to whom the alleged preferential transfer was made. The creditor-transferee, not a third party, must be the one to extend new value to the debtor. Given the lack of legal authority to support it, FSB fails to convince us that this defense should be extended to transfers of alleged new value made by third parties other than the creditor-transferee.
Each party shall bear its own costs.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.